

**FILED**
**Apr 16, 2020**
**01:07 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**


## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony Hayes | ) Docket No.  2018-08-1204 |
| | ) |
| v. | ) State File No. 56539-2018 |
| | ) |
| Elmington Property Management, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Remanded

---

On February 7, 2020, the pro se employee filed a notice of appeal indicating he was appealing the trial court's "Order Denying Employee's Motion for Recusal."  The notice of appeal stated that the judge was citing "wrongful/codes laws" that do not apply to the issues raised for the purpose of aiding the employer; that the judge was allowing "unskilled doctors" who could not "treat or properly diagnose" the employee; that the judge was "tampering [with] and concealing orders . . . to prevent [the employee]" from obtaining "his rightful relief"; and that the judge "has been automatically disqualified pursuant to Title 28 [U.S.C. section 455(a)]."  Neither party timely filed a brief on appeal. Having carefully reviewed and considered the record, and having noted that the employee presented no evidence to the trial court to support his positions and no argument on appeal addressing how the trial court allegedly erred in denying his motion for recusal, we affirm the trial court's February 7, 2020 order denying the employee's motion for recusal.  We deem the appeal to be frivolous, exercise our discretion not to award attorneys' fees and expenses, and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Anthony Hayes, Memphis, Tennessee, employee-appellant, pro se

Stephen P. Miller, Memphis, Tennessee, for the employer-appellee, Elmington Property Management

**Memorandum Opinion**[1]

  This is the third interlocutory appeal in this case. It was filed by Anthony Hayes ("Employee") following the trial court's denial of his motion seeking the recusal of the trial judge. While a recitation of the entire history of the litigation is not necessary to address the current appeal, we have set out portions of the factual and procedural background for context.

  Employee was working in the course and scope of his employment with Elmington Property Management ("Employer") in July 2018 when he fell, allegedly injuring his left knee, left arm, right hand, and head. His claim for workers' compensation benefits was accepted as compensable, and he began treating with Dr. David Deneka, an orthopedic specialist. In September 2018, Dr. Deneka reported that Employee had reached maximum medical improvement for his work-related injuries and would retain no permanent medical impairment associated with his injuries.

  Thereafter, Employee complained that he had not received medical treatment for neck and back pain that he related to his fall at work. He filed a petition seeking additional medical benefits, and, because he had been terminated from his employment, he also sought temporary disability benefits. Following an expedited hearing, the trial court concluded Employee had offered credible testimony regarding his need for additional medical treatment for the injuries related to his fall but did not present sufficient evidence of his entitlement to temporary disability benefits. The court ordered Employer to schedule an appointment with Dr. Deneka but denied Employee's request for temporary disability benefits. Employee appealed the trial court's denial of his request for temporary disability benefits, and we affirmed the trial court's order and remanded the case. *See Hayes v. Elmington Prop. Mgmt., Inc.*, No. 2018-08-1204, 2019 TN Wrk. Comp. App. Bd. LEXIS 49, at *1-2 (Tenn. Workers' Comp. App. Bd. Sept. 3, 2019).

  Employee subsequently returned to Dr. Deneka. While the record of that visit as well as documents addressing subsequent communications between Employer's counsel and Dr. Deneka are not included in the present record, it appears from the trial court's November 4, 2019 order that Dr. Deneka could not address Employee's complaints because "he does not treat neck and back issues." As a result, Employer provided a panel of physicians from which Employee selected Dr. Mark Harriman, a physician at OrthoSouth.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Employee was seen by Dr. Harriman on October 8, 2019. The record of that visit reflects the appointment was for an independent medical evaluation at the request of Employer's counsel rather than for treatment. It also reflects that Dr. Harriman obtained a history from Employee, examined him, and reviewed numerous medical records. It noted Employee had a history of "a back injury from a motor vehicle accident years ago," and indicated Employee's "story had changed considerably" concerning his neck and back. The report stated Employee "said that his initial neck and back problems were very minor, and he did not think anything of them until they started bothering him when Dr. Deneka returned him back to work." Further, the report stated that Dr. Harriman "asked him again specifically when he had started having neck and back problems," and that Employee "went on to tell him that he had a second fall, unrelated to his on the job injury, in September 2018 going home from a store," and that "things got worse then and he sought care for his neck and back through the [Veterans Administration]." Two days after Employee's evaluation by Dr. Harriman, the doctor signed an amendment to his report stating, "[s]pecifically, I can state with greater than 50% assurance that [Employee's] complaints of lumbar and cervical neck pain are not related to his on-the-job injury of July 27, 2018."

On October 25, 2019, Employee filed a Motion to Compel and for Sanctions in which he asserted that Dr. Harriman would not treat him and told him the October 8 visit was for an evaluation only. Employee's motion stated that Dr. Harriman was "in the same office" as Dr. Deneka and asserted that certain statements included in Dr. Harriman's report were "not true based on what [Employee] told" Dr. Harriman. Employee's motion requested that he be provided with medical treatment for his neck and back, and that Employer be sanctioned for its failure to provide medical treatment as previously ordered by the trial court. Employer's response to the motion addressed the report of Employee's October 8 evaluation with Dr. Harriman and Dr. Harriman's amendment indicating he did not think that Employee's back and neck pain were related to his work injury. Employer asserted in its response that Employee's back and neck complaints were not compensable and that Employee's motion to compel and for sanctions should be denied.

On November 4, 2019, the trial court granted Employee's motion, finding that Employer was obligated to provide Employee with a panel of physicians for treatment of Employee's back and neck complaints. The order noted that Employee had returned to Dr. Deneka, who "does not treat neck and back issues," and that Employee was later evaluated by Dr. Harriman who concluded that Employee's "neck and back complaints were less than fifty percent related to the work injury." However, the court determined that Employer "should have provided [Employee] a panel from which he could select a physician to address his head and neck complaints rather than providing only an independent medical examiner." The court ordered Employer to provide a panel of physicians to "evaluate [Employee's] head and neck conditions" within ten days, adding

3

that Employer's failure to do so would "result in referral to the Compliance Program for investigation and possible assessment of penalties."

Three days later, Employer filed a motion requesting the court to reconsider its November 4, 2019 order. Employer supported its motion with a document electronically signed by Dr. Harriman on November 5, 2019. It stated that "[t]he report on [Employee] was improperly titled as an Independent Medical Evaluation," and that "[i]n fact, the report should have been titled as a medical opinion with option to treat should treatment be required and related to the alleged work incident."

On November 18, 2019, Employee filed a "Motion for Reconsideration for Contempt and for Sanctions." In his motion, he did not address Employer's motion to reconsider the November 4 order; rather, Employee asserted statements similar to those included in his earlier motion for contempt and for sanctions, adding that Dr. Harriman "wrote [an] evaluation based on . . . information received from the Employer." He alleged he was unable to get additional treatment, and that "because of the time involved his injury [had] gotten worse due to malpractice of both doctor[]s."

On November 20, 2019, the trial court granted Employer's motion to reconsider the November 4 order. The court determined that Employer had satisfied its obligation to provide Employee "with a proper panel under Tennessee Code Annotated section 50-6-204 and is not required to provide him with another panel." The court's order does not reflect whether it conducted a hearing on the motion, and the order did not address Employee's November 18 motion. On December 4, 2019, Employee filed a notice of appeal of the court's November 20 order, which was not timely. As a result, we dismissed the appeal on December 5, 2019, and remanded the case. On December 6, 2019, Employee filed a "Demand for Reconsideration of Appeal," citing the Tennessee Rules of Appellate Procedure and the Federal Rules of Appellate Procedure, neither of which apply to us. We treated Employee's filing as a motion to reconsider the dismissal of the appeal, which we denied by order filed on December 9.

A scheduling order was subsequently filed in the trial court on January 14, 2020, which set dates for discovery and other procedural matters and a June 17, 2020 trial date. On January 22, 2020, Employee filed numerous documents in the trial court that included a Sworn Complaint for Shelby County Government, which identified nine separate individuals, offices, or other entities alleged to be "violators," including the trial judge. Several documents were filed as "Exhibits" to the Sworn Complaint, including Employee's "Request for Recusal of [the Trial Judge] & Ethical Complaint," which was addressed to the Chief Judge of the Court of Workers' Compensation Claims and to the Tennessee Attorney General. The "Exhibits" to the Sworn Complaint also included a "Complaint Against Judge Under Code of Judicial Conduct" that was purportedly filed with the Tennessee Board of Judicial Conduct. Among other numerous allegations in these documents, Employee alleged that the trial judge conspired with other members of

the Bureau of Workers' Compensation to prevent him from timely receiving the court's orders, falsified a court order, and proceeded with a scheduling hearing over his objection.

The trial court addressed Employee's motion for recusal in its February 7, 2020 order. The court determined Employee had presented no evidence of prejudice or bias, and that there was no reasonable basis to question the judge's impartiality. In addition, the court concluded that Employee had not complied with Tenn. Comp. R. & Regs. 0800-02-21-.18(3) (2019), which requires an affidavit to be filed with a motion to recuse setting out the factual and legal grounds supporting the recusal. Based upon Employee's failure to present supporting evidence and his failure to file an appropriate affidavit, the trial court denied his recusal motion.

Employee timely filed a notice of appeal of the trial court's February 7 order. In the notice of appeal, Employee asserts that the trial judge cited "wrongful codes [and] laws that [do] not apply to the issues being raised to [enable] [Employer] to continue to discriminate and wrongfully deny[] claimant benefits." Further, Employee's notice of appeal alleged the following:

> [The trial judge] is completely giving unskilled doctors who can not [sic] treat or properly [diagnose] claimant. [T]ampering [with] and concealing orders of the Courts to prevent this Appellant [from obtaining] his rightful relief from the courts. [The trial judge] has been [a]utomatically [d]isqualified pursuant to TITLE 28 USC sect. 455(a).

As an initial matter, we note that 28 U.S.C. § 455(a) applies to judges sitting on federal courts and is not applicable to judges of the Court of Workers' Compensation Claims. The rules governing the Court of Workers' Compensation Claims provide the requirements necessary for a party to request that a judge recuse himself or herself. Specifically, the rules provide that

> [a]ny party seeking disqualification or recusal of a judge must do so by timely filing a written motion. The motion must be supported by an affidavit under oath or a [Tennessee Rule of Civil Procedure] Rule 72 declaration on personal knowledge and by other appropriate materials. The motion must state with specificity all factual and legal grounds supporting disqualification of the judge and must affirmatively state that it is not being presented for improper purpose, such as to harass or to cause unnecessary delay or increase the cost of litigation.

Tenn. Comp. R. & Regs. 0800-02-21-.18(3).

5

As the trial court observed, Employee failed to file the documentation required to support his motion for recusal. Although the documents Employee filed on January 22, 2020, included a "Shelby County Government Sworn Complaint" with Employee's notarized signature, none of the documents affirmatively stated that Employee's motion was "not being presented for improper purpose, such as to harass or to cause unnecessary delay or increase the cost of litigation" as required by the above rule.

All litigants, whether proceeding pro se or not, are entitled to have their disputes heard and decided by fair and impartial judges. This right has been described as "one of the core tenets of our jurisprudence," and "it goes without saying that a trial before a biased or prejudiced fact finder is a denial of due process." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001). Thus, judges must act "at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." *Id.*

In evaluating a motion to recuse, the Tennessee Supreme Court has provided the following guidance:

> A motion to recuse should be granted if the judge has any doubt as to his or her ability to preside impartially in the case. However, because perception is important, recusal is also appropriate when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. Thus, even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant the motion to recuse if the judge's impartiality might reasonably be questioned. Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias. However, the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. . . . If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartial[it]y issue for strategic advantage, which the courts frown upon.

*Id.* at 564-65 (internal quotation marks and citations omitted.)

In addition, the law is clear that the party seeking recusal bears the burden of proof. *Runyon v. Runyon*, No. W2013-02651-COA-T10B-CV, 2014 Tenn. App. LEXIS 184, at *20 (Tenn. Ct. App. Mar. 31, 2014). Specifically, a party challenging the impartiality of a judge "must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Eldridge v. Eldridge*, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002). We review a trial court's ruling on a motion to recuse *de novo*. *See* Tenn. Sup. Ct. R. 10B, § 2.01.

6

Here, contrary to Employee's assertions concerning federal statutes, disqualification of the trial judge is not automatic. Rather, consistent with longstanding Tennessee jurisprudence, a trial judge, when faced with a motion to recuse, must decide whether he or she can preside over a case with impartiality and without the appearance of partiality. Unless Employee presented sufficient evidence to establish that the trial judge demonstrated prejudice or partiality in his case or bias against him, or that a reasonable person would conclude the judge was not impartial, the judge was not required to grant his motion for recusal.

Employee's submissions in the trial court included allegations that the trial judge discriminated against him, falsified orders, and conspired to keep orders from timely being sent to him. Employee asserted that, by entering the November 20 order granting Employer's motion to reconsider the November 4 order, the judge "did a complete turn about [to] give the Opposing Party unlawful comfort and less[e]n her [November 4] order." He asserted the trial judge discriminated against him "because [he was] not represented by [counsel]," and that the judge "attempted to change the nature of the Orders and the proceedings, to protect [Employer] from the SANCTIONS [in the November 4 order], so that an alleged 'PRO SE' would not be down as winning over a BAR ATTORNEY." Further, he alleged that the court's November 4 order "was never meant for [his] [e]yes," and that had he not called the Bureau of Workers' Compensation, he would not have known that the November 4 order existed. He asserted these circumstances amount to "CONCEALMENT AND INTENTIONAL OBSTRUCTION OF A COURT ORDER."

As noted above, the November 4 order obligated Employer to provide a new panel within ten days, and the order stated that Employer's failure to comply with the order would "result in referral to the Compliance Program for investigation and possible penalties." Among the many allegations included in Employee's recusal motion, he asserted that Employer failed to provide a panel within ten days as stated in the November 4 order, and that the November 20 order was entered to protect Employer from an investigation and possible penalties upon the referral of Employer to the Compliance Program. However, Employee did not address Employer's November 7 motion to reconsider in his recusal motion. On November 18 he filed a Motion for Reconsideration for Contempt and for Sanctions, but he did not address Employer's November 7 motion in this submission either. It is unclear from the record whether or when Employee received Employer's November 7 motion. However, the motion included a November 7 certificate indicating Employee was served by email and first class mail.

The record includes certificates of service completed by the Clerk of the Court of Workers' Compensation Claims stating that the court's November 4 and November 20 orders were sent to Employee by certified mail and by regular mail. The certificate of service of the trial court's subsequent Scheduling Order states the order was sent to

7

Employee by certified mail and by email, and the certificate for the court's February 7, 2020 order denying Employee's recusal motion states that order was sent to Employee by certified mail, regular mail, and email. Employee's submissions state that he did not receive the November 20 order until December 3, which was the last date that Employee could timely file a notice to appeal the November 20 order; and his December 4 notice of appeal was untimely. It was not the responsibility of the trial judge or the Clerk of the Court of Workers' Compensation Claims to ensure that the November 4 and November 20 orders, which were sent by certified and regular mail to Employee on the day they were filed, were received and acted upon by Employee in sufficient time for him to file an appeal.

Having thoroughly reviewed and considered the record, we agree with the trial court's determination that there was "no action of bias against [Employee] and 'no reasonable basis' to question the [trial judge's] impartiality." We agree with the trial court's determination that Employee "failed to come forward with evidence that a reasonable, disinterested person would believe puts the Judge's impartiality into question." Except for Employee's own assertions, he did not present evidence of bias, evidence of an appearance of bias, or evidence of a lack of impartiality.

Moreover, there is no evidence that the trial judge falsified any orders as alleged by Employee. While it is not clear from Employee's submissions whether he is referring to the court's November 20 order as being "falsified," we presume he was, as the order effectively negated the November 4 order. However, upon the filing of Employer's motion asking the court to reconsider its November 4 order, the trial court considered the clarification from Dr. Harriman stating that his examination was not an independent medical examination with no option for treatment as the doctor had earlier indicated. Based upon Dr. Harriman's clarification, the trial court determined that Employer provided Employee with a proper panel and was not required to provide another panel. We discern no evidence of bias, prejudice, or partiality in the trial court's determination.

We also note that Employee did not timely file a brief supporting his contention that the trial court erred in denying his motion to recuse. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2018). He did, however, submit a document to the Clerk of the Court of Workers' Compensation Claims on April 10, 2020, titled as follows:

Objections & Exceptions to the Respondent's Intentional Deception & Misrepresentation to the Courts, & the Ombudsman and/or Rep. Derrick Shorter and the EEOC; Entering Evidence of Concealed Order and Deceit Played on Plaintiff by the Court's Office of the Clerks & Respondents: Rebuttal to Respondent's Position Statement.

Employee's brief on appeal was due on or before March 6, 2020, making the document he submitted to the trial court on April 10 five weeks late if it was intended to be his brief

on appeal. The document was not accompanied by a motion to accept a late-filed brief, and we therefore decline to consider it. Moreover, it addresses Employee's assertion that he was wrongfully terminated, an issue not within the jurisdiction of the Court of Workers' Compensation Claims, and it does not provide any legal argument describing how the trial court erred in denying his recusal motion. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). In short, Employee failed to properly support his recusal motion with an affidavit as required by the applicable rules, he failed to present sufficient evidence that the trial judge is biased against him or that the judge cannot preside over the case with impartiality, and he failed to present evidence suggesting that a reasonable observer would question the judge's impartiality.

Finally, we find Employee's appeal to be frivolous. "A frivolous appeal is one that . . . had no reasonable chance of succeeding," *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015), or one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11; *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *18 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017). However, we exercise our discretion here not to award attorneys' fees or other expenses for Employee's frivolous appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018).

The decision of the trial court is affirmed, and the case is remanded. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Anthony Hayes | ) | Docket No. 2018-08-1204 |
| | ) | |
| v. | ) | State File No. 56539-2018 |
| | ) | |
| Elmington Property Management, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Anthony Hayes | | | | **X** | ah.hayes1@gmail.com |
| Stephen P. Miller | | | | **X** | smiller@mckuhn.com |
| Deana C. Seymour, Judge | | | | **X** | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | **X** | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | **X** | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov